Manly,
 
 J.
 

 The points presented to this Court, by the appeal of the solicitor for the State, are, first: whether, when the j ury fails to return a verdict in a
 
 ease of
 
 lareeny, in consequence of the expiration of the term, the accused may be put upon his trial again; and if he may, secondly, whether the prosecuting officer can, without special leave of the Court, cause a capias to be issued.
 

 It seems now to be settled law, that in cases of misdemean- or, the Court has a discretion to withdraw a juror, and order a
 
 venire de novo,
 
 when it appears necessary to the ends of justice. This was affirmed in the case of the
 
 State
 
 v.
 
 Morrison,
 
 3 Dev. and Bat. Rep. 115, and also in the case of the
 
 State
 
 v.
 
 Weaver,
 
 13 Ire. Rep. 203. This latter case was an indictment for receiving stolen goods, which the statute puts upon the same footing’ with larceny, in all respects, except in classification. It is, therefore, as we conceive, an authority for the exercise of the power by the Court in a case of larceny.
 

 The indulgence of such a power, in capital felonies, underwent much discussion in the cases of
 
 Spier
 
 and
 
 Ephraim,
 
 reported in 1 Dev. Rep. 491, and 2 Dev. and Bat. Rep. 162 ; and by the courts’ action, in those cases, the power is denied in felonies of that class, except in cases of supreme and inevitable necessity. In the first of these cases, the
 
 expiration of the term,
 
 was held not to be such a case of necessity. These cases may be considered as settling the law in respect to the class of felonies of which they treat, but the restricted range of judicial power, as established in them, has never been applied to offenses of inferior grades, whether felonies or misdemeanors, and we think it is not applicable. The power, nevertheless, is not an arbitrary, one, but should be resorted to -only where it seems to the Court, in the exercise of a sound legal discretion, to be necessary.
 

 
 *116
 
 We have dwelt more on this power of the Court to direct a mistrial, because, we consider it settles the point made in the case before us. For, if the solicitor may
 
 nole. pros,
 
 at will and issue a capias unless restrained, and bring the defendant up for trial again, (which is admitted to be legal,) and if the Court may, in the exercise of its discretion, direct a mistrial and order a
 
 venire de
 
 novo, much more, it seems to us, will a new jury be proper, where there has been a mistrial, caused by operation of law, by an event which comes like an interposition of Providence — which neither party has contrived to bring about, and which neither has had the power to hasten or retard.
 

 The objection to the exercise of this power on the part of the courts, is, that it might lead to the wilful oppression of the citizen. No such objection can apply when the power is not called into action at the will of the Court, but is a preexistent rule of law, for the intervention of which, one party is no more responsible than the other.
 

 The only doubt is, whether it be not such a prevention of trial as would justify a
 
 venire de novo
 
 in any grade of offense; whether it be not one of those inevitable events, springing from the short and definite limits of our sessions, which ought to have been classed with such accidents as the death or violent sickness of a judge or juror, the sudden and violent sickness of a witness and the insanity of the prisoner, all of which present cases for a mistrial and a
 
 venire de
 
 novo, even in capital cases.
 

 If the Court would have ■ had the right to anticipate the moment when the term closed and its powers ceased and call in and discharge the jury, and thereuppn hold the defendant subject to a future trial, it will follow that he may, with equal right, be held for trial when there has been a discharge by law ; a legal dissolution. The failure of the Judge to act, has placed the culprit in no worse situation ; on the contrary, the course pursued was the most favorable one for the attainment of his rights. • He has been allowed every moment of the term to get a verdict in, and of this he cannot justly complain.
 

 
 *117
 
 The second point of objection made to the proceedings below, is, as to the power of the solicitor for the State, without special leave, to cause a capias to be issued.
 
 We
 
 are of opinion, this power exists. The defendant being subject to be tried again, the process by which alone it could be effected, followed in the ordinary course of proceeding. There was no legal discretion in the Judge to refuse it, and, therefore, leave was not necessary to give it validity.
 

 Authority for this, will be found in the case of the
 
 State
 
 v.
 
 Thompson,
 
 3 Hawks, 413.
 

 The judgment of the Court below, quashing the capias and proceedings, is reversed, and the solicitor, for the State, is allowed to put defendant upon his trial again.
 

 Pee Curiam,
 

 Judgment reversed.